**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20274
Summary Calendar
_____

MARINE INDEMNITY INSURANCE COMPANY OF AMERICA,

Plaintiff,

VERSUS

LOCKWOOD WAREHOUSE & STORAGE, et al.,

Defendants.

_____


VISTA CHEMICAL,

Defendant-Appellant,

VERSUS

KRAFT GENERAL FOODS, INC.,

Defendant-Appellee.



_____

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-2430)
_____

November 18, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This appeal concerns the proper distribution of money erroneously awarded to Grand Lockwood Partners Limited Partnership ("the Partnership"), a claimant to an interpleader fund. Preliminary to this appeal is appellee Kraft General Foods, Inc.'s ("Kraft's"), motion to dismiss the appeal on res judicata grounds. We grant the motion to dismiss and, consequently, do not address the merits.[1]

I.

The genesis of this dispute is an interpleader action by Marine Indemnity Insurance Company ("Marine") to resolve conflicting claims for insurance proceeds following the destruction of a warehouse by fire. The district court divided the interpleader fund among eight of the several claimants.

One of the successful claimants, Kraft, appealed the distribution on the ground that the court erroneously had awarded a portion of the fund to the Partnership. This court agreed with Kraft and "reverse[d] the district court's judgment awarding interpleaded funds to [the Partnership] and remand[ed] for a recalculation and redistribution of the interpleaded funds." *Marine Indem. Ins. Co. of Am. v. Lockwood Warehouse & Storage*, 115 F.3d 282, 291 (5th Cir.), *cert. denied,* 118 S. Ct. 414 (1997). On remand, the district court ordered the Partnership to return to the court registry all the funds it had been awarded, then awarded

_____

[1] By separate order, we have granted the motion of appellant Grand Lockwood Partners Limited Partnership to dismiss its appeal.

2

that entire amount to Kraft.

The Partnership argues that because only Kraft had appealed the original disposition of the interpleader fund, the Partnership should be required to return only that amount Kraft would have received but for the misallocation to the Partnership. Vista agrees with Kraft that the Partnership should be required to return all of its interpleader award, but contends that Vista should receive a *pro rata* share of that amount.

## II.
### A.

Kraft avers that res judicata, or claim preclusion, bars the Partnership from challenging the judgment on remand, and we agree. Res judicata precludes a party from relitigating a claim settled by a valid, final judgment. *Cromwell v. Sac County*, 94 U.S. 351, 352 (1876); *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994). This rule applies regardless of whether the judgment was correct or equitable. *In re Teal*, 16 F.3d 619, 622 n.6 (5th Cir. 1994).

Often confused with res judicata is the discretionary doctrine of "law of the case," which applies before final judgment. *See* 18 *MOORE'S FEDERAL PRACTICE* § 131.13[3] (Matthew Bender 3d ed.). The instant matter implicates res judicata, not law of the case, because this court's 1997 opinion constituted a valid, final judgment. *See Woods Exploration & Producing Co. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1316 (5th Cir. 1971).

3

The dispositive question therefore becomes whether the claim the Partnership asserts now is within the scope of the claim presented in the 1997 appeal.[2]  Because the issue in that appeal concerned the propriety of the Partnership's award, it is within the scope of the Partnership's instant claim: whether Kraft had the right to appeal the entirety of this award.  So, the Partnership is precluded from relitigating this claim.

In implementing our 1997 decision, the district court, on remand, ordered the Partnership to return all of its award to the registry.  We review whether a district court correctly interpreted an appeals court's mandate *de novo*.  *United States v. E.I. Du Pont de Nemours & Co.*, 366 U.S. 316, 325 (1961).  If the district court correctly applied the mandate, res judicata would bar the Partnership's instant appeal, as discussed above.  If, however, the district court incorrectly applied the mandate, we could afford relief to the Partnership.

This court's reversal of the award of funds to the Partnership was unqualified, so the district court was correct in ordering the Partnership to return all of the funds.  We do not agree with the Partnership that the panel left open the possibility that the Partnership could retain some of the money it had been erroneously awarded; the panel stated, "We reverse the district court's judgment awarding interpleaded funds to [the Partnership] and remand for a recalculation and redistribution of the interpleaded

---

[2] *See In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (adopting approach of RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982) toward definition of claim).

4

funds." *Marine Indem.,* 115 F.3d at 291. The Partnership's argument that this court could not have ordered such a thing because only Kraft appealed the judgment is without consequence, even if legally correct, under the principles of res judicata, discussed above.

## B.

Kraft also moves to dismiss Vista's appeal on res judicata grounds. Kraft argues that since Vista did not appeal the original distribution of the interpleader fund, res judicata bars Vista from challenging the distribution now by taking part in the remanded distribution. Vista's only response is that "the rule of practice" permits the benefit of an appeal to enure to a non-appellant "if the interest of the non-appealing parties are no [sic] interwoven and dependent as to the [sic] inseparable." We disagree.

In *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 400 (1981), the Court explained that this Court recognizes no general equitable doctrine . . . which countenances an exception to the finality of a party's failure to appeal merely because his rights are "closely interwoven" with those of another party."[3] In light of these cases, Vista's rule-of-practice argument is without

---

[3] *See also* 20 *MOORE'S FEDERAL PRACTICE* § 304.11[3][c] (Matthew Bender 3d ed.) ("A distinct issue arises with respect to separate appeals where parties are aligned in interest, and one party appeals but the other does not. Can the non-appealing party benefit from the result on appeal? The Supreme Court has answered this question in the negative."). *See, e.g., Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318 (1987).

merit.[4]  Accordingly, Kraft's motion to dismiss is granted.

We note further that even under the rule of practice, we would not have afforded the relief requested by Vista:

> Although appellate courts have discretionary power to retain all parties in the lawsuit [on] remand . . . to insure an equitable resolution at trial, this discretion has been exercised only in narrowly defined situations: when the reversal wipes out all basis for recovery against the nonappealing, as well as against the appealing defendant; when the failure to reverse with respect to the nonappealing party will frustrate the execution of the judgment in favor of the successful appellant; or when the appealed decision could reasonably be read as not being adverse to the nonappealing party.

*Anthony v. Petroleum Helicopters, Inc.*, 693 F.2d 495, 497-98 (5th Cir. 1982) (citations and quotations omitted).  The instant case does not fall within any of these exceptions.

The appeal is DISMISSED.

---

[4] *See Young Radiator Co. v. Celotex Corp.*, 881 F.2d 1408, 1415-17 (7th Cir. 1989) (noting how *Torres* had overruled the rule of practice approach); *see also Stockstill v. Petty Ray Geophysical,* 888 F.2d 1493, 1496-97 (5th Cir. 1989) (questioning viability of rule-of-practice approach).